# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KAREN ANN HAYES,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:17-CV-448-JEM |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Karen Ann Hayes, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 17], filed August 20, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 15, 2018, the Commissioner filed a response, and on November 15, 2018, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

## I.  Background

On November 17, 2014, Plaintiff filed an application for benefits alleging disability beginning October 16, 2013. Plaintiff's application was denied initially and upon reconsideration. On October 20, 2016, Administrative Law Judge ("ALJ") Kathleen Kadlec held a video hearing at which Plaintiff, with counsel, and a vocational expert ("VE") testified. On January 11, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since October 16, 2013, the alleged onset date.

3. The claimant has the following severe impairment: osteoarthritis of the shoulders.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except that she can frequently reach in all directions with the bilateral upper extremities; occasionally climb ramps and stairs, stoop, kneel, crouch and crawl; never climb ladders, ropes or scaffolds; never operate a motor vehicle; and never be exposed to unprotected heights, moving mechanical parts or vibration.

6. The claimant is performing past relevant work as a retail manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 16, 2013, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.   Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse

only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must

"'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ failed to properly evaluate the opinions of Plaintiff's treating physicians, and that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

The ALJ granted "little weight" to the opinion of Dr. Guido Marra, Plaintiff's treating physician. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such

4

as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Dr. Marra initially found that Plaintiff should not work, in October 2013 and again in April 2014, after Plaintiff reported "fairly severe" pain in her shoulder, requiring multiple surgeries. In August 2014 and October 2014, after Plaintiff began physical therapy, Dr. Marra restricted Plaintiff to lifting no more than five pounds, with no overhead lifting. The ALJ found that "while these limitations may have been appropriate for short amounts of time, the claimant's longitudinal medical records show improvement . . . [T]hus, these opinions are not consistent with the claimant's longitudinal medical records." Temporary work restrictions are not inconsistent with a subsequent pattern of improvement; that was not a "sound explanation" to discount Dr. Marra's opinions as to Plaintiff's capabilities at the time of those examinations. *Punzio*, 630 F.3d at 710. If there was another reason for the ALJ to reject Dr. Marra's opinions generally, the ALJ did not provide it, leaving the Court without a "'logical bridge' between the evidence and [the ALJ's] conclusions." *O'Connor-Spinner*, 627 F.3d at 618. Nor did the ALJ analyze Dr. Marra's opinions according to the required statutory factors, including the nature of Dr. Marra's treatment history with Plaintiff and Dr. Marra's understanding of the medical conditions at issue. A claimant is disabled if she cannot engage in "substantially gainful activity" for a 12-month period due to an impairment, *see* 42 U.S.C. § 423(d)(A); given that Dr. Marra's restrictions spanned a 12-month period, and Plaintiff did not engage in substantially gainful activity during that time, the ALJ's failure to properly evaluate Dr.

5

Marra's opinion as to Plaintiff's condition during that time requires remand.

The ALJ also granted "little weight" to Plaintiff's physical therapist, Dr. Jayne Barsic, because she "did not quantify the claimant's difficulties" and therefore her opinion was "of limited utility in determining the claimant's work-related functional abilities." Dr. Barsic opined, in part, that Plaintiff was experiencing pain and range of motion restrictions with her right shoulder, would find "cooking, housekeeping, caring for grandchildren, and dressing . . . difficult and painful," and that she would be unable to maintain a sedentary posture at a desk due to that pain. The ALJ failed to explain why that information would need to be "quantified" to be used in determining Plaintiff's RFC, particularly given the inherent difficulty in quantifying pain. *See* 20 C.F.R. § 404.1529(c)(3) ("Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions . . . will be taken into account"). It was the ALJ's job, not Dr. Barsic's, to develop the record if she felt that the evidence presented was insufficient to fashion appropriate limitations, rather than simply pronounce it to be of "limited utility." *Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citations omitted); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) (reminding that an ALJ cannot "ignore entire lines of contrary evidence").

Plaintiff also argues that the ALJ failed to properly assess Plaintiff's RFC. The ALJ found that Plaintiff "can frequently reach in all directions with the bilateral upper extremities." Although the ALJ referred generally to Plaintiff's condition improving through physical therapy, the ALJ did not cite to any medical opinion indicating that Plaintiff could "frequently" lift overhead.[1] Rather,

---

[1] The Commissioner cites to a report filed by a physician, unidentified in the record, indicating that Plaintiff had "unlimited" reach in all directions. However, the ALJ explicitly gave "no weight" to that opinion, because it did not identify the doctor or the patient, and the Commissioner cannot now rely on evidence that the ALJ rejected. *See Roddy,* 705 F.3d at 637 (the Commissioner "cannot defend the ALJ's decision using this rationale . . . because the

the medical opinions obtained before and after Plaintiff's physical therapy indicated that Plaintiff had at least some limitations in lifting, including those of the physical therapist, treating physician and State agency doctors. The ALJ's conclusion that Plaintiff could "frequently" lift overhead, without meaningful explanation, leaves the Court concerned that she substituted her own judgment for that of the medical professionals. The Seventh Circuit has warned that ALJs should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

On remand, the ALJ is instructed to consider the treating physician's opinion in the manner described in 20 C.F.R. §§ 404.1527(c), and to provide a "sound explanation" if he or she rejects that opinion. *Punzio*, 630 F.3d at 710. The ALJ must draw a logical bridge from the evidence as it appears in the record to his or her conclusions about Plaintiff's RFC, including the evidence that does not support his or her conclusions, and must account for all of Plaintiff's limitations in the RFC and in the hypothetical to the VE.

The ALJ is also reminded that performing activities of daily living on a limited basis, on its own, does not show that a person can hold down a full-time job. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can

---

ALJ did not employ the rationale in his opinion.") (citations omitted); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (explaining that the *Chenery* doctrine "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced").

get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer."); *Punzio*, 630 F.3d at 712 ("[The Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").

IV. **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 7th day of March, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record